THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3021-FL

| | | |
|---|---|---|
| VICTOR L. MARTIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ANSWER |
| | ) | |
| ALVIN W. KELLER, et al., | ) | |
|     Defendants. | ) | |
| | ) | |

NOW COME Defendants and answer the Complaint.

## FIRST DEFENSE

Defendants respond to the individually numbered paragraphs of the Complaint as follows:

1. Admitted that Plaintiff is an inmate in DOC's custody. The other allegations are neither admitted nor denied due to lack of knowledge.

2. These allegations are neither admitted nor denied due to lack of knowledge.

3. Denied that Defendants are attempting to silence Plaintiff's voice or that Defendants' actions with respect to Plaintiff are based on the content of his writings. The other allegations are neither admitted nor denied due to lack of knowledge.

4. Denied.

5 and 6. These paragraphs contain legal conclusions, which are neither admitted nor denied.

7. Admitted that Plaintiff is currently confined at Johnston Correctional Institution and has previously been confined at other DOC facilities, including Pasquotank, Central Prison, Lanesboro, Polk, and Warren.

8. Admitted.

9. Admitted, except that Boyd Bennett has retired. Robert C. Lewis is the current Director of the Division of Prisons.

10. Admitted, except that Gerald Branker's title is Warden and, before that, Deputy Warden.

11. Admitted, except that Captain O'Neal now serves as Support Services Manager rather than Internal Affairs Officer.

12 and 13. Denied.

14 through 19. These allegations are neither admitted nor denied due to lack of knowledge.

20 through 23. Plaintiff's disciplinary records (which have been provided to his attorneys) speak for themselves. Defendants are without knowledge of what unnamed staff persons may have said to Plaintiff at unspecified times.

24. The first sentence is neither admitted nor denied due to lack of knowledge. The second sentence is denied, because much staff time has been spent dealing with Plaintiff's publishing activities.

25. Admitted.

26. Admitted that Plaintiff's first case manager at Central Prison made a written notation that Plaintiff asked her about getting publishers to donate his books and that she told Plaintiff to have the publishers contact her and she would look into it. Otherwise, these allegations are neither admitted nor denied due to lack of knowledge.

27 through 29. Plaintiff's disciplinary records speak for themselves.

30. Denied.

31. Denied that Plaintiff was disciplined or placed on segregation because of the content of his writings. Plaintiff's disciplinary records speak for themselves.

32. Plaintiff's disciplinary records speak for themselves.

33. Admitted generally, except that lights are turned out at 11 (not 10) p.m., segregated inmates may (in addition to leaving their cells for recreation and showers) be removed from their cells from time to time for administrative and medical appointments, and segregated inmates have access to chaplains.

34. Admitted that Plaintiff has been subject to censorship of his mail. Plaintiff's disciplinary records speak for themselves.

35. Plaintiff's disciplinary records speak for themselves.

36. Plaintiff's grievance records (which have been provided to his attorneys) speak for themselves.

37. Plaintiff's disciplinary records speak for themselves.

38. Plaintiff's grievance records speak for themselves.

39. Denied that Plaintiff was targeted for punishment based in any degree on the content of his writings. Plaintiff's disciplinary records speak for themselves.

40. Denied.

41. Admitted that Plaintiff was confined at Warren Correctional Institution from July 6, 2007 to April 2, 2008. Plaintiff's disciplinary records speak for themselves.

42. Admitted.

43. These allegations are neither admitted nor denied due to lack of knowledge.

44. Because prison officials cannot account for any document fitting Plaintiff's description of "the Manuscript," the allegation in the first sentence is denied. Plaintiff's disciplinary records speak for themselves.

45. Denied, for the reason set forth in the first sentence of the preceding paragraph.

46. Plaintiff's grievance records speak for themselves.

47. Admitted that Stephanie Teachey spoke by phone with Katherine Lewis Parker in June 2007 and intended to convey to Ms. Parker that any manuscript confiscated in connection with a disciplinary charge would be held pending the outcome of the disciplinary process. Denied that Ms. Teachey actually knew that what Plaintiff refers to as "the Manuscript" was being held or that it even existed.

48. Admitted that LaVee Hamer spoke with Ms. Parker about Plaintiff on or around July 10, 2007. Denied that Ms. Hamer had any direct knowledge about what Plaintiff refers to as "the Manuscript."

49. This allegation is neither admitted nor denied due to lack of knowledge.

50. Admitted.

51. This allegation appears to refer to Ms. Hamer's letter to Ms. Parker dated July 10, 2008, which speaks for itself.

52. Denied.

53. Denied that there is a need for declaratory relief.

54. Defendants incorporate by reference paragraphs 1 through 53 of this Answer.

55 through 59. Denied.

60. Defendants incorporate by reference paragraphs 1 through 59 of this Answer.

61 through 64.  Denied.

65.  Defendants incorporate by reference paragraphs 1 through 64 of this Answer.

66 and 67.  Denied.

68.  Defendants incorporate by reference paragraphs 1 through 67 of this Answer.

69 through 72.  Denied.

73.  Defendants incorporate by reference paragraphs 1 through 72 of this Answer.

74.  Admitted that Plaintiff is African-American.

75 and 76.  Denied.

## SECOND DEFENSE
## NO DEPRIVATION OF RIGHTS

Defendants deny that they have deprived, or are depriving, Plaintiff of any constitutional, statutory, or common law right.

## THIRD DEFENSE
## FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim on which relief can be granted.

## FOURTH DEFENSE
## QUALIFIED IMMUNITY

To the extent Plaintiff seeks to recover money damages from Defendants in their individual capacities, Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, and thus qualified immunity bars Plaintiff's constitutional claims against them.

## FIFTH DEFENSE
## SOVEREIGN IMMUNITY

To the extent Plaintiff seeks to recover money damages from Defendants in their official capacities, sovereign immunity bars Plaintiff's claims against them.

## SIXTH DEFENSE
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This action is barred as to any given claim to the extent Plaintiff failed to exhaust his administrative remedies relating to such claim.

## SIXTH DEFENSE
## NO PROXIMATE CAUSE

No act or failure to act by a Defendant was the proximate cause of any injuries or damages complained of by Plaintiff.

## SEVENTH DEFENSE
## NO PUNITIVE DAMAGES

The Complaint does not identify any aggravating factor that supports a claim for punitive damages.

WHEREFORE, Defendants pray that Plaintiff be denied any relief, that this action be dismissed with prejudice, and that the Court award Defendants such other relief as justice requires.

This the 8th day of July, 2009.

>ROY COOPER
>Attorney General
>
>/s/ J. Philip Allen
>Assistant Attorney General
>N.C. State Bar No. 13246
>N.C. Department of Justice
>PO Box 629
>Raleigh NC 27602-0629
>Phone: 919-716-6566
>Email: pallen@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's attorneys.

This the 8th day of July, 2009.

>/s/ J. Philip Allen
>Assistant Attorney General